# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-KP-00589-SCT

*FRANK ANTHONY MAGNUSEN*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/01/95 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT ALLRED III |
| DISTRICT ATTORNEY | CONO CARANNA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/13/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SULLIVAN, P.J., McRAE AND ROBERTS, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Frank Anthony Magnusen appeals the March 1, 1995, order of the Harrison County Circuit Court denying, without a hearing, his motion for post-conviction relief. He contends that he was improperly sentenced as an habitual offender, and further that his enhanced six-year sentence for the crime of robbery amounts to cruel and inhuman treatment, contrary to the Eighth Amendment to the United States Constitution. His contention that he did not have the requisite prior convictions to mandate his habitual offender status, however, is contrary to the record. We therefore affirm the judgment of the circuit court.

I.

Magnusen, together with William Wayne Magnusen and Louis Pete Latimer, was indicted on

September 8, 1993, by a grand jury of the Harrison County Circuit Court, Second Judicial District, for the crime of robbery pursuant to Miss. Code Ann. § 97-3-73 in Cause No. 7957. He entered a plea of guilty and was sentenced as an habitual offender to six years in the custody of the Mississippi Department of Corrections without the possibility of reduction in sentence or eligibility for parole pursuant to Miss. Code Ann. § 99-19-81. His status as an habitual offender was based on prior felony convictions in Causes No. 22011 and No. 22225.

Magnusen was indicted on April 9, 1987 for grand larceny, a felony, pursuant to Miss. Code Ann. § 97-17-41. He entered a guilty plea to the charge in Cause No. 22,011 and was placed on probation for thirty months. The order, in relevant part, provided that

> The Court specifically withholds acceptance of defendant's plea and adjudication of guilt and imposition of sentence in accord with **Mississippi Code 1972, Annotated, Section 99-15-26** pending successful completion of the conditions imposed in this order.

On June 11, 1987, Magnusen again was indicted for grand larceny pursuant to Miss. Code Ann. § 97-17-41. He entered a guilty plea in Cause No. 22,225 and was given a five year suspended sentence.

Richard C. Ross, Field Officer for the Mississippi Department of Corrections, filed a petition for the revocation of Magnusen's probation on January 30, 1989. The circuit court sentenced Magnusen to terms of five years each in Cause Nos. 22,011, 22,234 and 22,225 and 22,226. He ordered the sentences suspended and allowed Magnusen to remain on probation and to be sent to the Restitution Center in Jackson County, Mississippi. In his May 22, 1989 order, Circuit Court Judge James Thomas adjudicated Cause No. 22,011, stating:

> It is further ordered that in cause number 22,011, the Defendant was originally placed on a nonadjudication status and the Court does now what it should have done on July 31, 1987, and adjudicates the defendant to be a felon and guilty of the charge of grand larceny in cause number 22,011.

## II.

Magnusen first contends that he did not have two prior felony convictions as required by Miss. Code Ann. § 99-19-81 to warrant sentencing as an habitual offender. Section 99-19-81 provides as follows:

> Every person convicted in this state for a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

The record clearly shows that prior to his 1993 conviction, Magnusen had two prior felony convictions for grand larceny arising from two separate incidents at different times.[1] In each case he was given a five year, albeit suspended, sentence. He cannot complain, therefore, that he was

improperly sentenced as an habitual offender.

Magnusen further contends that the six-year sentence he received for robbery amounts to cruel and unusual punishment in contravention of the eighth amendment to the United States Constitution. He was indicted pursuant to Miss. Code Ann. § 97-3-73. Section 97-3-75 provides that "[e]very person convicted of robbery shall be punished by imprisonment in the penitentiary for a term of not more than fifteen years." Given that Judge Thomas sentenced him to less than the maximum sentence, although without the opportunity for reduction in sentence or for parole, he ought not complain.

Magnusen has no recognizable grounds for relief under Miss. Code Ann. § 99-39-5 or any other section of the Mississippi Uniform Post-Conviction Relief Act. The circuit court should not be held in error for denying his motion seeking to file for post-conviction relief. It is recommended that the decision of the circuit court, therefore, be affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. Cause No. 22,234, for which Magnusen also received a five-year suspended sentence appears to be part of the charges in Cause No. 22,225, and thus does not arise from a separate incident on a different date pursuant to Miss. Code Ann. § 99-19-81.